## PACE et al. v. BLACKMAN.

GILBERT, J. " The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to." (Civil Code, 1910), § 5477. Applying the foregoing principle to the facts of this case, the court erred in appointing a receiver.

*Judgment reversed. All the Justices concur.*
No. 2026. JANUARY 13, 1921.

Receivership. Before Judge Irwin. Haralson superior court. March 13, 1920.

R. F. Pace executed to Blackman a bond for title, covering described real estate in Haralson County, dated April 14, 1919, and recorded April 22, 1919. It recited the execution by Blackman of two promissory notes for $1000 each, payable to Pace " on or before " December 1, 1919 and December 1, 1920. On November 24, 1919, there was recorded in the office of the clerk of Haralson superior court a deed dated September 14, 1917, made by R. F. Pace, in consideration of natural love and affection and $1, conveying the same property to Lizzie Pace, J. C. Pace, Alice Pace, Myrtle Pace, Lidia Pace, and Zelma Pace. Blackman filed a petition against R. F. Pace and the persons named as grantees in the deed just mentioned, alleging that Lizzie Pace is the wife of R. F. Pace, the other defendants being their children, J. C. Pace being an adult and the others being minors; that Lizzie and J. C. Pace knew of the negotiations for the sale of the property to him by R. F. Pace and made no objection thereto, and he was not informed by them that R. F. Pace did not have title; that said deed was a forgery, was not delivered until after petitioner's rights under the bond for title were acquired, was a scheme to avoid conveyance in accordance with the provisions of the bond, and constituted a cloud upon his title; that at the time of the execution of the bond for title it was understood that possession would be delivered to him on December 1, 1919; that on that date he tendered to R. F. Pace his check for $2000, but Pace refused to accept a check, and later during the day he procured $2000 in currency and made an effort to pay the same to Pace, but was unable to locate him for that purpose; that two days later petitioner's attorney asked Pace if it was necessary to get the currency to make the payment to him, and was told by Pace that the money would not be accepted; that plaintiff is ready at all times to pay the money and receive a deed to the land; that demand for possession of the land has been made and refused; that the land is worth $500 per year for farming purposes; that the defendants, except Alice Pace, are residing on the land, and if allowed to cultivate it the rents will be a loss to petitioner; that defendants have no other property except about $1200 worth of personal property, and are, as to peti-

tioner's rights, insolvent. The prayers are, that R. F. Pace be required to accept the purchase-money and execute to petitioner a deed as provided in the bond for title; (2) that the deed executed by Pace to Lizzie Pace et al. be canceled; (3) for judgment against all the defendants for recovery of the land; (4) that a receiver be appointed to take charge of and rent the land and to collect and preserve the rents; (5) for general relief. The defendants filed an answer admitting the execution of the bond for title, but setting up that at the time of its execution R. F. Pace was mentally incapable of making a binding contract, and that this fact was known to petitioner, and denying all other material averments of the petition. The evidence introduced by plaintiff tended to show that R. F. Pace had had money on deposit with a bank, but it had been withdrawn; that he had an automobile, a pair of mules, and other personal property; and that the purchase-money had not been paid. The defendants offered evidence to the effect that they possessed property valued at $3500, exclusive of the land sued for.

The court passed an order requiring the defendants to " make a good and sufficient bond in the sum of $500.00 payable to plaintiff, on rents or profits, in the event he should recover rents and profits on final trial; and in default of such bond by defendants within ten days after they have notice of this order, that G. B. Richards, sheriff, be appointed receiver to take charge of property in dispute and rent same and hold rents subject to final judgment of court."

The defendants assigned error upon this judgment, because: (a) the requirement as to bond and the appointment of a receiver was unauthorized; (b) the pleadings and proof failed to show a legal tender of the purchase-money; (c) the evidence showed that plaintiff had an adequate remedy at law; (d) there is no proof of insolvency as required by law; (e) the case did not present a clear and urgent cause for the appointment of a receiver, and the passing of the order was an abuse of discretion.

*Griffith & Matthews,* for plaintiffs in error.

*Edwards & Edwards,* contra.